966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judy HOPKINS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2088.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from a judgment denying Marcie E. Goldbloom's motion for attorney's fees following her successful representation of a social security disability claimant in district court. 42 U.S.C. § 406(b). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, the parties have waived oral argument in this case.
 
 
 2
 An attorney who successfully represents a social security claimant is entitled to reasonable fees under 42 U.S.C. § 406(b)(1). The "legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir.1989) (en banc). Goldbloom submitted an affidavit which indicates that the claimant understood counsel could receive as much as twenty-five percent of any award approved by the court pursuant to an oral contingency agreement. The district court considered this evidence but denied Goldbloom's motion for attorney's fees on May 3, 1991. The court concluded that fees were no longer available because the Secretary had already paid all of the past due benefits to the claimant. A timely motion to alter or amend this judgment was denied on July 18, 1991.
 
 
 3
 Goldbloom now argues that the court may still award fees because the Secretary mistakenly released the benefits that would ordinarily be reserved for counsel. She asserts that the Secretary was mistaken because she was not notified that a favorable determination had been reached on remand. Goldbloom suggests that the Secretary could pay the requested fees directly to her and then recoup the amount from her client as an overpayment. Cf. 20 C.F.R. § 404.501. The Secretary argues that a direct payment to Goldbloom at this time would be barred by sovereign immunity since it would not be possible to recoup the payment from a claimant who was not at fault. We need not reach any of these arguments because Goldbloom is simply not entitled to direct payment under the regulations.
 
 
 4
 The regulations do provide for notice and direct payment of attorney's fees from a claimant's past due benefits. 20 C.F.R. §§ 404.1715 and 404.1730. However, these regulations only apply to a claimant's representative, and the Secretary must be notified before an attorney will be recognized as a representative. 20 C.F.R. § 404.1707. It is undisputed that the Secretary was not formally advised that Goldbloom was the claimant's representative, as required by § 404.1707, even though further administrative action was imminent when the case was remanded. Therefore, the Secretary was not required to notify Goldbloom regarding the disposition of the claimant's case on remand. Moreover, it was not improper for the Secretary to release all of the past due benefits to the claimant because Goldbloom did not file a request for attorney's fees or a request for an extension within the time prescribed by 20 C.F.R. § 404.1730(c).
 
 
 5
 Nevertheless, the Secretary concedes that Goldbloom may still be entitled to recover attorney's fees from her client and that the district court could have determined whether Goldbloom's fee request was reasonable, even though all of the past due benefits had been released to the claimant. This position is consistent with 20 C.F.R. § 404.1740(b), which precludes the collection of unauthorized fees. It is also consistent with 20 C.F.R. § 404.1730(c)(2)(ii) which states as follows:
 
 
 6
 The attorney must send the claimant a copy of any request made to us for an extension of time. If the request is not filed within 20 days of the date of the notice, or by the last day of any extension we approved, we will pay all past-due benefits to the claimant. Any fee the attorney charges after that time must be approved by us, but the collection of any approved fee is a matter between the attorney and the claimant represented.
 
 
 7
 Therefore, this case will be remanded to the district court for a determination of whether the attorney's fees requested by Goldbloom were reasonable. On remand, the court should consider whether the oral contingency agreement was sufficient to trigger a rebuttable presumption under Rodriquez. In addition, the court should consider whether Goldbloom's request for fees would have been timely if it was not related to her request for direct payment from the Secretary.
 
 
 8
 The appellee argues that the claimant is an indispensable party to any further proceedings in the district court. However, the extent of the claimant's involvement in the proceedings on remand is an issue that should be considered in the first instance by the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, the district court's judgment is vacated insofar as it denied attorney's fees under 42 U.S.C. § 406(b), and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.